FILED
MAY 14 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY SHINDLEDECKER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; LEIDOS, INC., AEGIR SYSTEMS, INC.; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-01777-BEN-JMA<br><br>**ORDER GRANTING APTIM FEDERAL SERVICES, LLC'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST CLEAN HARBORS, INC.**<br><br>**[Doc. No. 73]** |

Presently before the Court is a Motion for Leave to File Third-Party Complaint Against Clean Harbors, Inc. submitted by Defendant/Cross-Defendant Aptim Federal Services, LLC formerly known as CB&I Federal Services, LLC, ("Aptim"). Aptim seeks to file a Third-Party Complaint to add Clean Harbors, Inc. ("CHI" or "Third-Party Defendant"). As of the date of this Order, Plaintiff has not filed a response in opposition. The Court finds the motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, the Motion is hereby **GRANTED**.

## BACKGROUND

On September 1, 2017, Plaintiff Wendy Shindledecker ("Plaintiff") filed a Complaint asserting Premises Liability, Negligence, and *Res Ipsa Loquitur*. (Doc. No. 1.) Since then, Plaintiff has filed a first, second, third, and fourth amended Complaint to add Defendants Leidos, Inc., Aegir Systems, Inc., CB&I Federal Services, LLC, and

McDermott International, Inc. (Doc. Nos. 4, 10, 16, 44.) Defendant United States of America ("USA") also filed a Third-Party Complaint against Cross-Defendants Leidos, Inc. and Aegir Systems, Inc. and Against Third-Party Defendant CB&I Federal Services, LLC. Plaintiff alleges that on April 6, 2016, Plaintiff was working to complete hazardous waste cleanup at Naval Base San Diego, when a steel plate barrier above her, negligently operated and/or maintained, slammed down upon her body causing her severe injuries. (Doc. No. 1.) Plaintiff alleges that the named defendants are responsible to varying degrees for the injuries she suffered.

Aptim now seeks leave to file a Third-Party Complaint against CHI containing causes of action that are derivative of Plaintiff's personal injury claims and are based off CHI's written contract allowing for express indemnity to be determined by the outcome of the trial. (Doc. No. 73 at 3.) Aptim seeks to have these claims consolidated with the pending litigation. (Doc. No. 73 at 3.)

## **DISCUSSION**

Federal Rule of Civil Procedure 14(a) provides for service of a third-party impleader complaint upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the claim against it. The defendant need not obtain leave of the court to serve and file a third-party complaint if it is filed within 10 days after the defendant serves its original answer to the complaint in the main action. Fed. R. Civ. P. 14(a)(1). In all other circumstances, leave of the court to serve and file a third-party complaint must be sought by motion. *Id.*

The purpose of impleader is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the parties secondarily or derivatively liable to the defendant because of the plaintiff's claim. *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. *Id.* But since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 394 (1st Cir. 1999).

Here, Aptim's reasons for filing a Third-Party Complaint against CHI meet the standard set forth in Federal Rule 14(a) because Aptim's liability to the Plaintiff is dependent counterclaim against CHI. Aptim may be entitled to express indemnity in proportion to their level of responsibility for Plaintiffs' damages. Moreover, Aptim has submitted its Motion timely before January 15, 2019, the cutoff to join other parties. (Doc. No. 73 at 3.) In addition, CHI will not be unduly prejudiced by the filing of this Third-Party Complaint. While not directly a party to this action, CHI has appeared and participated as a lien claimant in this matter. *Id.* As a result, CHI has received service of all filings since July 25, 2018, and has been fully aware of this litigation. *Id.* at 4. Finally, such prejudice is greatly outweighed by the judicial efficiency of having all the claims adjudicated in the same forum. Accordingly, Aptim's motion for leave to file a Third-Party Complaint is **GRANTED**.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

1) Defendant's motion for leave to file a Third-Party Complaint is **GRANTED**;
2) Defendant shall file the Third-Party Complaint within five ("5") days of the date of this Order;
3) Within seven ("7") days of this order, the parties shall contact the chambers of Magistrate Judge Lopez to schedule a status/case management conference to discuss the need to extend discovery and reset pre-trial dates once the third-party has appeared in the action.

**IT IS SO ORDERED.**

Dated: May 09, 2019

HON. ROGER T. BENITEZ
United States District Judge